O

# United States District Court
# Central District of California

| | |
|---|---|
| JOSE MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHARLES BECK; MICHEL R. MOORE; JERITT SEVERNS; LOS ANGELES POLICE DEPARTMENT; COUNTY OF LOS ANGELES; CITY OF LOS ANGELES; STATE OF CALIFORNIA; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case № 2:19-cv-02101-ODW (GJSx)<br><br>**ORDER DENYING MOTION TO REOPEN DISCOVERY [46]** |

## I.　INTRODUCTION

Before the Court is Plaintiff's Motion to Re-Open Discovery for the Limited Purpose of Taking Four Depositions of Party Witnesses. (Mot., ECF No. 46.) Having considered the papers filed in connection with the Motion, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the hearing set for March 1, 2021, at 1:30 p.m., is **VACATED**.

## II.　BACKGROUND

Fact discovery closed in this action on March 30, 2020. (Scheduling Order 24, ECF No. 20.) While discovery was open, Plaintiff did not conduct any depositions.

(*See* Decl. of Lisa W. Lee ("Lee Decl.") ¶ 4, ECF No. 47-1.)  The deadline to conduct a settlement conference was October 12, 2020.  (*See* Order Granting Third Stipulation to Continue Dates 2, ECF No. 40.)  And the deadline for hearing motions in this action was October 19, 2020.  (*Id.*)  The parties' trial documents are due no later than May 31, 2021, and trial in this action is set for July 6, 2021, at 9:00 a.m.  (Order Granting Fourth Stipulation to Continue Dates 2, ECF No. 45.)

Yet on January 22, 2021, Plaintiff filed the present Motion to Re-Open Discovery, seeking leave to conduct four depositions of party witnesses.  (*See* Mot.) Plaintiff is represented in this matter by attorneys Shahin Shawn Karimian and Bahram Brian Paya.  Karimian and Paya do not work for the same law firm; they represent Plaintiff as co-counsel.  (*See generally* Decl. of Shahin Shawn Karimian ("Karimian Decl.")¶ 2, ECF No. 46-2.)

Karimian attests that Plaintiff should be permitted to depose party witnesses, notwithstanding that discovery has been closed for nearly a year, because Plaintiff "cannot try the case on the merits as the case is currently positioned."  (*Id.* ¶ 27.) Karimian admits he is "not versed in [e]xcessive [f]orce cases," and he has "also never tried a [c]ivil case."  (*Id.* ¶¶ 3–4.)  Thus, he "brough [sic] in Brian Paya [who] agreed to be lead and trial counsel and assured [Karimian] he was more than capable of handling the matter."  (*Id.* ¶ 5.)  Even though Karimian is Plaintiff's co-counsel, he "deferred to Mr. Paya about litigation decisions and relinquished the day-to-day machinations of the case to him."  (*Id.* ¶ 8.)  Karimian claims he had "no reason to believe anything was amiss" until July 2020, when former Defendant County of Los Angeles moved for Rule 11 sanctions against Plaintiff, Karimian, and Paya.  (*Id.* ¶¶ 9–10.)

Mediation in this case was held on October 6, 2020. (*See* Mediation Report, ECF No. 43.)  Karimian claims that he "learned for the first time shortly after Mediation that Mr. Paya had not deposed party witnesses."  (Karimian Decl. ¶ 15.)  Sometime in early November 2020, Paya contracted COVID-19 and was incapacitated.  (*See* Fourth Stipulation to Continue Dates 4, ECF No. 44.)  Although Paya recovered from illness

and returned to practicing law in "mid-November 2020," (Mot. 6), Karimian explains he "was left to obtain a modification of the Scheduling Order and to ask oppose [sic] counsel for the City to agree to reopen discovery"—to which the City did not agree, (Karimian Decl. ¶ 17). Defendants' counsel confirms that the first time Plaintiff asked Defendants to reopen discovery was in November 2020. (Lee Decl. ¶ 9.)

Karimian further declares that "when Mr. Paya returned to work from his illness, [Karimian and Paya] agreed [they] needed to seek relief from [the Court] to take four depositions of party witnesses." (Karimian Decl. ¶ 18.) Sometime between November 2020 and January 14, 2021, Karimian found a third attorney (who is thus far unnamed and absent from this litigation) who agreed to serve as Plaintiff's trial counsel. (*Id.* ¶¶ 19–20.) Apparently, this unnamed trial counsel "was clear though, that [Karimian] would need to get discovery re-opened to take the party witnesses [sic]." (*Id.* ¶ 20.)

Then, on January 14, 2021, Karimian again asked Defendants' counsel to stipulate to reopening discovery for the limited purpose of deposing party witnesses. (*Id.* ¶ 21.) That request was denied. (*Id.* ¶ 22.) Thus, Plaintiff filed the present Motion. (*Id.* ¶ 23.) Unsurprisingly, Defendants filed an Opposition. (Opp'n, ECF No. 47.) Subsequently, Plaintiff missed the deadline to file a Reply brief, filing an untimely Reply thirteen days before the noticed hearing date for the Motion. (Reply, ECF No. 48; *see* Defs.' Obj. to Reply, ECF No. 49); *see also* C.D. Cal. L.R. 7-10 ("A moving party may, *not later than fourteen (14) days before the date designated for the hearing of the motion*, serve and file a reply memorandum, and declarations or other rebuttal evidence." (emphasis added)).

### III. DISCUSSION

Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court

may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Rule 16 advisory committee's notes (1983 amendment)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *If that party was not diligent, the inquiry should end*." *Id.* (emphasis added) (citation omitted). Furthermore, "[w]hen [a] motion to extend time is made after time has expired, the court must also consider excusable neglect." *United States v. Freitas*, No. 18-cv-01259-GPC (JLB), 2019 WL 2209402, at *3 (S.D. Cal. May 22, 2019) (citing Fed. R. Civ. P. 6(b)(1)(B)).

Courts in this Circuit have acknowledged that "an eleventh-hour case evaluation by newly retained counsel finding there is need for certain discovery does not demonstrate diligence during the course of the litigation." *Id.* at *6 (internal quotation marks and brackets omitted) (quoting *Zone Sports Ctr., LLC v. Rodriguez*, No. 1:11-cv-00622-SKO, 2016 WL 224093, at *5 (E.D. Cal. Jan. 19, 2016)). "Otherwise stated, retaining new counsel does not provide the opportunity to re-strategize a lawsuit." *Id.* (quoting *DropZoneMS, LLC v. Cockayne*, No. 3:16-cv-02348-YY, 2019 WL 2070417, at *5 (D. Or. Feb. 27, 2019)). Furthermore, "a counsel's conscious choice not to conduct discovery within the discovery period does not constitute excusable neglect for purposes of failure to meet a deadline." (*Id.* (internal quotation marks omitted) (quoting *Davis v. Cal. Dep't of Corr. & Rehab.*, No. C 08-4481 SBA, 2013 WL 1208965, at *3 (N.D. Cal. Mar. 25, 2013)).

These same principles squarely apply here. Plaintiff seeks, ultimately, to take four depositions that Plaintiff's counsel chose not to conduct while discovery was open. (*See generally* Mot.) The Court finds that Plaintiff fails to support his request with the requisite showing of diligence or excusable neglect. Essentially, Plaintiff's only proffered excuse is that Karimian is inexperienced and intentionally did nothing to

litigate Plaintiff's case, while Paya consciously chose not to depose party witnesses within the discovery period. (*See* Mot. 4–6; Karimian Decl. ¶¶ 3–15.) Even if Plaintiff's unnamed, prospective, replacement trial counsel wishes that Plaintiff had conducted depositions during discovery, none of these reasons constitute good cause to disturb the case deadlines that passed nearly a year ago. *See Freitas*, 2019 WL 2209402, at *6. Consequently, the Motion is **DENIED**. (ECF No. 46.)

**IT IS SO ORDERED.**

February 25, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**